Chacon-Marin v. Bondi

BIA
Factor, IJ
A206 095 583

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand twenty-five.

PRESENT:
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

MARTHA CHACON-MARIN,
> *Petitioner,*

v.

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

23-7967
NAC

_____

FOR PETITIONER:             Ioan Florin Cristea, Centro Legal de Inmigracion, Bay Shore, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Jonathan Robbins, Assistant Director; Brian M. Longino, Law Clerk, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED and the case is REMANDED for further proceedings.

Petitioner Martha Chacon-Marin, a native and citizen of Ecuador, seeks review of a November 30, 2023, decision of the BIA affirming an October 8, 2019, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chacon-Marin*, No. A 206 095 583 (B.I.A. Nov. 30, 2023), *aff'g* No. A 206 095 583 (Immig. Ct. N.Y.C. Oct. 8, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, and consider only the grounds for the adverse credibility determination on which the BIA relied. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). "We review de novo questions of law and the application of law to fact" and we

2

review factual findings, including adverse credibility determinations, "under the substantial evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's . . . written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id*. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Chacon-Marin alleged that she feared returning to Ecuador because her ex-husband abused her because of her membership in a particular social group, the police refused to intervene, and she believed he would kill her. The agency found her not credible for two reasons: she contradicted her claim during a border interview when she told a border agent that she came to the United States to work and denied fearing return, and she failed to rehabilitate her testimony with reliable corroboration.

The agency "may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). However, the BIA has held that the agency may rely on information from a border interview only if it is "accurate and reliable for the purposes for which the document is being used." *Matter of J-C-H-F-*, 27 I. & N. Dec. 211, 212 (B.I.A. 2018). The agency assesses the accuracy and reliability of the interview based on the "totality of the circumstances," including "any issues regarding the circumstances under which the[ statements] were made." *Id.* at 213.

4

As the agency found, the record of Chacon-Marin's border interview reflects that she made statements inconsistent with her subsequent claim.   The IJ did not make *any* findings, however, about the reliability of the border interview.   And while Chacon-Marin has not argued that the record inaccurately recounts what was said, she gave reasons why she gave those statements: she felt pressured, she was frightened of being detained, and she was thirsty, hungry, injured, and exhausted to the point that she struggled to remember facts, such as her son's birthday.   *See* Certified Administrative Record ("CAR") at 106–09.   Also relevant was her testimony that authority figures and law enforcement had not helped her in the past: her family had forced her to marry her rapist, and the police and a leader of her village refused to help her.   *Id.* at 93–96.   These reasons were not developed further during her hearing before the IJ, and Chacon did not explain at her hearing whether it was true that one reason she came to the United States was to work, or why the conditions she described would cause her to deny a fear of return.   However, the record also reflects that the border interview was conducted by a male agent and Chacon-Marin explained to an asylum officer that she had not been forthcoming with the border agent in part because she was

5

uncomfortable talking about her claim in a place where there were "a lot of men." *Id.* at 270.

Although the BIA acknowledged Chacon-Marin's argument that she was hungry, thirsty, and nervous about being detained and that her inconsistent statements were innocent mistakes, it concluded that these explanations "did not meaningfully address" the IJ's inconsistency finding. *Id.* at 3. But the BIA did not state that the border interview was reliable or explain why it could evaluate reliability in the first instance, without findings by the IJ. It is not clear that the BIA viewed the issues Chacon-Marin raised as speaking to reliability at all, and the failure to make that assessment is contrary to *Matter of J-C-H-F-*, which requires consideration of how an applicant's particular circumstances might have affected her answers at the interview. *See Matter of J-C-H-F-*, 27 I. & N. Dec. at 214 (explaining that IJs should consider the totality of the circumstances, including "special considerations related to an alien's individual circumstances that may affect the reliability of his or her answers," and giving examples of claims based on sexual orientation or sexual abuse that an applicant may have been reluctant to reveal). Moreover, neither the BIA nor the IJ acknowledged Chacon-Marin's testimony that she felt pressured during the border interview, her testimony

6

suggesting that she was disoriented, or other circumstances suggesting that she was likely to be uncomfortable revealing her claim (e.g., the identity of the interviewer and the nature of her claim).

When the agency's decision contains errors, "we will affirm *only* when remanding the case to the agency would be futile," such as when the agency "offered a clearly independent and sufficient ground for its ruling," or "when overwhelming evidence in the record makes it clear that the same decision is inevitable on remand." *Gurung v. Barr*, 929 F.3d 56, 62 (2d Cir. 2019). But this is not such a case. While "an alien's mere recitation that he was nervous or felt pressured during [a border] interview will not automatically prevent the IJ or BIA from relying [o]n statements in such interviews when making adverse credibility determinations," *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 397 n.6 (2d Cir. 2005), Chacon-Marin's explanations might have particular force given the nature of her claim. In response to this concern, the Government emphasizes that the record reflects that the border officer told Chacon-Marin she could express her fear privately to another officer—but this is not a finding made by the agency, and the boilerplate script on the form says only that she would have an opportunity to

speak privately with another officer if she first revealed her fear to the officer addressing her. *See* CAR at 127.

The agency also relied on Chacon-Marin's failure to rehabilitate her credibility with reliable corroborating evidence, but this finding is not an independent basis for the adverse credibility determination because it required that Chacon-Marin's credibility already be in question. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony *that has already been called into question*." (emphasis added)); *Chuilu Liu v. Holder*, 575 F.3d 193, 198 n.5 (2d Cir. 2009) ("[W]hile a failure to corroborate can suffice, without more, to support a finding that an alien has not met his burden of proof, a failure to corroborate cannot, without more, support an adverse credibility determination.").

In sum, we remand because the adverse credibility determination rested on the border interview, the agency did not assess the reliability of that interview, and it is not "inevitable" that the agency will find the interview reliable on remand. *Gurung*, 929 F.3d at 62; *see Matter of J-C-H-F-*, 27 I. & N. Dec. at 212, 214–15; *Ojo v.*

*Garland*, 25 F.4th 152, 168 (2d Cir. 2022) ("In remanding, we simply are requiring the agency to follow its own . . . precedent.").

For the foregoing reasons, the petition for review is GRANTED and the case is REMANDED for further proceedings consistent with this order.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court